19-472, 20-1918
United States v. Seabrook

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 4th day of August, two thousand twenty.

Present:    ROSEMARY S. POOLER,
            GERARD E. LYNCH,
            STEVEN J. MENASHI,
                    *Circuit Judges.*
_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                        19-472,
                                                      20-1918

NORMAN SEABROOK, MURRAY HUBERFELD,

                    *Defendants-Appellants.*
_____

Appearing for Appellant Seabrook:        RICHARD W. LEVITT, Levitt & Kaizer, New York, N.Y.

Appearing for Appellant Huberfeld:       KANNON K. SHANMUGAM, Paul, Weiss, Rifkind (Amanda C. Weingarten, Masha G. Hansford, Katherine S. Stewart,*on the brief*), Washington, D.C.

Appearing for Appellee:             MARTIN S. BELL, Assistant United States Attorney (Russell Capone, Lara Pomerantz, Won S. Shin, *on the brief*), *for* Audrey Strauss, Acting United States Attorney for the Southern District of New York, New York, NY

Appeal from the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be and it hereby is **AFFIRMED**.

Defendant-Appellant Norman Seabrook appeals from the judgment entered February 22, 2019 in the United States District Court for the Southern District of New York (Hellerstein, *J.*), sentencing him principally to 58 months' imprisonment, three years' supervised release, and $19 million in restitution. Seabrook was sentenced after a jury trial where he was convicted of one count of conspiracy to commit honest services wire fraud and one count of honest services wire fraud. Seabrook also appeals from the district court's June 15, 2020 order denying his motion for a new trial. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review. We address by a separate opinion Defendant-Appellant Murray Huberfeld's arguments on appeal.

Seabrook first argues that the district court erred by admitting into evidence, in violation of Federal Rules of Evidence 402 and 403, testimony regarding the bankruptcy of Platinum Partners and the Correctional Officers Benevolent Association's ("COBA") loss of $19 million. We disagree.

We review a "district court's decision to admit testimony for abuse of discretion, 'recogniz[ing] that district courts enjoy broad discretion over the admission of evidence.'" *United States v. Barret*, 848 F.3d 524, 531 (2d Cir. 2017) (quoting *United States v. McDermott*, 245 F.3d 133, 140 (2d Cir. 2001)). "Irrelevant evidence is not admissible." Fed. R. Evid. 402. A district court "may exclude relevant evidence if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Seabrook argues that evidence that COBA lost money on the investment he took a bribe to approve was irrelevant, because harm is not an element of the crime of honest services fraud, or, alternatively, that any relevance it had was outweighed by the prejudicial effect on the jury of being told that the union lost money as a result of the investment. However, the loss evidence was relevant because it tended to show that Seabrook acted with corrupt intent to steer the association's funds to Platinum in exchange for a kickback. The record contained evidence that Seabrook hid from the COBA board communications from its counsel discussing the specific risk of losing the investment. That this concern materialized tended to show that Seabrook intended to subject the organization to a risky investment in order to enrich himself. "The only

2

intent that need be proven in an honest services wire fraud is the intent to deprive another of the intangible right of honest services." *United States v. Rybicki*, 354 F.3d 124, 145 (2d Cir. 2003) (alteration omitted). Thus, the government was required to prove that Seabrook acted with intent to steer the funds to Platinum in exchange for kickbacks, and that Seabrook did not act, as he claimed at trial, as an honest and faithful officer. The loss evidence was relevant to that point. The loss evidence was also relevant to the element of materiality because it demonstrated the riskiness of the investments. "Where it is 'reasonably foreseeable that the scheme could cause some non-de minimis economic or pecuniary harm to the victim,' the misrepresentation is material because, in such cases, the victim's knowledge of the scheme would tend to cause the victim to change his or her behavior." *Rybicki*, 354 F.3d at 146 (alteration omitted).

As noted above, our review of a Rule 403 challenge is "highly deferential" to the district court. *United States v. Coppola*, 671 F.3d 220, 244 (2d Cir. 2012). The court took appropriate steps to limit the potential for unfair prejudice by cabining the presentation of such evidence, and it acted well within its bounds of discretion in permitting its admission.

Seabrook next argues that the district court's "repeated statements to the prosecutor, made in open court in the jury's presence, instructing the prosecutor to focus on the 'suitability' of COBA's investment in Platinum Partners and its direct questions to witnesses addressing the same issue" was plain error. Appellant's Br. at 53.

Reversal based on the conduct of the district court judge is appropriate only where an examination of the entire record demonstrates that "the jurors have been impressed with the trial judge's partiality to one side to the point that this became a factor in the determination of the jury." *United States v. Valenti*, 60 F.3d 941, 946 (2d Cir. 1995) (quotation marks and citation omitted). We have said that a district court "may actively participate and give its own impressions of the evidence or question witnesses, as an aid to the jury, so long as it does not step across the line and become an advocate for one side." *United States v. Filani*, 74 F.3d 378, 385 (2d Cir. 1996). Because Seabrook did not object, we apply a plain error standard of review. *United States v. Prado*, 815 F.3d 93, 100 (2d Cir. 2016). In order to satisfy this standard, an appellant must demonstrate that

> (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*Id.* (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alterations and internal quotation marks omitted)).

After a careful review of the record, we do not find plain error in the district court's questioning of witnesses. The district court's comments did not take a position on whether the investments were suitable but instead directed witnesses to address the topic of suitability. The district court explicitly instructed the jury, both during the course of the trial and in its final instructions, that it had no view with respect to the credibility of witnesses or the proper

resolution of the trial, and that such determinations were the sole province of the jury. *See United States v. Bejasa*, 904 F.2d 137, 141 (2d Cir. 1990).

Last, Seabrook argues that the district court abused its discretion in denying his motion for a new trial. Seabrook argues that new evidence discovered after his trial establishes the falsity of Jona Rechnitz's testimony, who played a prominent role in the government's case against Seabrook. Seabrook's motion relies on: (1) three recent civil lawsuits filed against Rechnitz, alleging various financial misdeeds; and (2) Rechnitz's allegedly false post-trial report that he was a victim of a jewel theft three months before Seabrook's trial. Seabrook claims that this evidence of post-trial fraudulent conduct shows that Rechnitz lied when he gave testimony suggesting that he had reformed and intended to comply with the promises made in his cooperation agreement. We review a district court's denial of a new trial based on newly discovered evidence of a witness's alleged perjury for an abuse of discretion. *United States v. Stewart*, 433 F.3d 273, 303 (2d Cir. 2006). "[W]hen the newly discovered evidence focuses on the perjury of a witness, a threshold inquiry is whether the evidence demonstrates that the witness in fact committed perjury." *United States v. White*, 972 F.2d 16, 20 (2d Cir. 1992).

We agree with the district court that Seabrook has failed to come forward with any evidence showing that Rechnitz committed perjury at his trial. Indeed, Seabrook does not claim that at the time of Rechnitz's testimony, he was engaged in any of the future illicit business arrangements alleged in the civil lawsuits. As for Rechnitz's report of the jewelry theft, we also agree with the district court that Seabrook's allegation about the incident—that Rechnitz staged the theft in order to make an insurance claim—is pure speculation. In any event, Rechnitz was thoroughly questioned, both on direct examination and cross-examination, about a vast array of misconduct, such that the jury was fully aware of his criminal history and character. Even taking the evidence now proffered as establishing that Rechnitz resumed his fraudulent ways after the trial, the district court did not clearly err in concluding that the new evidence was merely cumulative and would not have affected the outcome of the trial.

We have considered the remainder of Seabrook's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4